UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ANTHONY
CALDWELL,

    Plaintiff,

v.

STOKELY-HAMDEN, N.P.
PENEA, RHONDA BACON,
and RICHARD HARBAUGH,

    Defendants.
_____/

Case No.  4:22-cv-12233
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
RESOLVING DISPOSITIVE MOTIONS (ECF Nos. 19, 23)[1]
AND
RECOMMENDING THE DISMISSAL OF THE CASE WITH PREJUDICE**

I.    Introduction

This is a prisoner civil rights case.  Plaintiff James Anthony Caldwell (Caldwell), proceeding *pro se*, filed a complaint pertaining to his incarceration at the Woodland Center Correctional Facility (WCC) in Whitmore Lake, Michigan. (ECF No. 1).  He asserts that he was not treated properly for nerve and spinal injuries in his back and that his grievances were improperly denied.  (*Id.*).

---

[1] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

Defendants are Peninah Onyango (Onyango), Nurse Practitioner (N.P.), Natalya Stokely-Hamden (Stokely-Hamden), N.P., and Michigan Department of Corrections (MDOC) Defendants Rhonda Bacon (Bacon) and Richard Harbaugh (Harbaugh).[2]  (*Id*.).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF Nos. 8, 30).

Onyango and Stokely-Hamden have filed a motion to dismiss, (ECF No. 19), and Bacon and Harbaugh have filed a motion to dismiss or, alternatively, for summary judgment.  (ECF No. 23).  Both motions are fully briefed.  (ECF Nos. 29, 31, 36, 38).  For the reasons stated below, it is RECOMMENDED that Stokely-Hamden and Onyango's motion to dismiss for failure to state a claim be GRANTED; that Bacon and Harbaugh's motion to dismiss for failure to state a claim be GRANTED; and that Bacon and Harbaugh's motion for summary judgment for failure to exhaust administrative remedies be GRANTED as to Harbaugh and DENIED as to Bacon.  If this recommendation is adopted, the case will be dismissed with prejudice against all defendants.

II.   Background

The following facts are gleaned from the complaint and presumed to be true on a motion to dismiss.

---

[2] The undersigned is using the corrected spellings of all defendants' names gathered from their filings.

Caldwell alleges that on May 8, 2022, he was assaulted by another inmate while incarcerated at WCC and sustained injuries to his back. (ECF No. 1, PageID.7). After the assault, he was seen by Stokely-Hamden who failed to give him a proper examination and ordered an x-ray and a D-Dimer[3] test instead of an MRI. (*Id.*, PageID.5, 8). He was then seen by Onyango, who ordered a second, unnecessary x-ray and relied on Stokely-Hamden's notes in treating him. (*Id.*). Onyango then "ordered a Lumbar Spine [scan]" and prescribed Motrin, first at an 800mg dose and two days later lowered to 200mgs. (*Id.*). These events are said to have taken place on May 27, 2022, but Caldwell does not complain of a delay in treatment in the complaint. (*Id.*, PageID.7).

Caldwell then filed a grievance complaining of his treatment by Stokely-Hamden and Onyango, which was reviewed initially by Bacon. Bacon failed to properly investigate his complaint and did not review the grievance with Caldwell as required by MDOC policy directives. (*Id.*, PageID.5, 8). Bacon ultimately denied his grievance "for no reason," and the denial was upheld by Harbaugh. (*Id.*).

Due to his back injury and lack of proper treatment, Caldwell says he has

---

[3] D-Dimer is a protein fragment that is made when a blood clot dissolves in one's body. The test is used to determine if someone suffers from a blood clotting disorder such as deep vein thrombosis or a pulmonary embolism. *See* https://medlineplus.gov/lab-tests/d-dimer-test/ (last accessed May 2, 2023).

3

nerve and spinal injuries, pain in his lower back, and right-side numbness. (*Id.*, PageID.9). He also says he has requested and been denied (?) a wheelchair medical detail. (*Id.*, PageID.12). Caldwell states that his inadequate medical treatment and the denial of his grievance constituted deliberate indifference on the part of the defendants. (*Id.*, PageID.10).

### III. Legal Standards

#### A. Motion to Dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The

4

plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

B. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views

the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Caldwell is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

6

IV. Discussion

A. Stokely-Hamden and Onyango's Motion

1. Deliberate Indifference Standard

Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2002).

Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.' " *Comstock*, 273 F.3d at 702-703 (quoting *Farmer*, 511 U.S. at 834). In *Farmer*, the Court held that the objective test requires that "the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834; *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703.

2. Application

Stokely-Hamden and Onyango challenge the sufficiency of the complaint on both the objective and subjective prongs of the deliberate indifference standard. They first argue that Caldwell has not pled a sufficiently serious medical need as required under the objective prong. "A sufficiently serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 567 (6th Cir. 2020) (internal quotation marks omitted). Stokely-Hamden and Onyango contend that Caldwell has not alleged a diagnosis mandating treatment nor one that would obviously require a doctor's attention. As to the subjective prong, Stokely-Hamden and Onyango argue that they did not disregard any substantial risk to Caldwell, because he was assessed with medical testing and treated appropriately based on the results of those tests.

In response, Caldwell argues that his serious medical need was obvious, and that his ongoing need for medical intervention clearly shows his need to have been examined properly and placed on an appropriate treatment program. He reiterates that his inadequate treatment shows a disregard of his substantial risk. He also, for the first time, argues that his delay in treatment should be considered.

Assuming that Caldwell satisfies the objective component of his deliberate indifference claim, his claim against Stokely-Hamden and Onyango should

8

nonetheless be dismissed because he has not satisfied the subjective component. Regarding the adequacy of his treatment, Caldwell has not shown that any substantial risk of harm he may have faced was disregarded.  By his own account, he was treated by both Stokely-Hamden and Onyango, who each ordered x-rays and assessed his condition.  Caldwell believes that an MRI should have been ordered, but this type of disagreement over medical treatment does not amount to a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *see also Jennings v. Al-Dabagh*, 275 F.Supp.2d 863, 870 (E.D. Mich. 2003) ("[T]he fact that a prisoner disagrees with a course of treatment that he was prescribed, or even that the treatment he did receive was negligently administered, does not rise to a constitutional violation.").

To succeed on his claim, Caldwell would need to "demonstrate deliberateness tantamount to intent to punish." *Horn by Parks v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994).  The alleged treatment by Stokely-Hamden and Onyango does not rise to this level.  Again, both Stokely-Hamden and Onyango examined Caldwell and ordered testing to assess his back pain.  Onyango prescribed Motrin for pain relief.  Stokely-Hamden and Onyango did not ignore

9

Caldwell or his complaints. The fact that Caldwell says they should have provided different treatment is insufficient to state a deliberate indifference claim. Ultimately, "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (quoting *Westlake v. Lucas*, 537 F.2d 857 at n.5 (6th Cir. 1976)).

Even considering the alleged delay in treatment, which was not initially complained of, *see* ECF No. 1, Caldwell has still failed to state a claim. Caldwell has not alleged that Stokely-Hamden or Onyango knew of his injury prior to his date of treatment. Therefore, they cannot be said to have "subjectively perceived facts from which to infer substantial risk to the prisoner." *Comstock*, 273 F.3d at 703. As such, Caldwell's claims against Stokely-Hamden and Onyango should be dismissed with prejudice for failure to state a claim.

                B.      Bacon and Harbaugh's Motion

                        1.      Failure to State a Claim

Bacon and Harbaugh note that neither of them is alleged to have participated in Caldwell's medical treatment, and thus cannot be liable for deliberate indifference to his serious medical needs. They rely on Sixth Circuit precedent, which will be analyzed below, holding that mere involvement in the grievance

process is insufficient to state a constitutional claim. In response, Caldwell counters that Bacon's failure to review his grievance with him denied him the opportunity to have it properly adjudicated, and that Harbaugh failed to supervise Bacon accordingly.

Bacon and Harbaugh are correct. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Israfil v. Parks*, No. 2:10–cv–132, 2011 WL 2491516, at *2 (S.D. Ohio May 2, 2011) ("Participation in the processing of administrative remedies does not expose a corrections employee to a claim that she acquiesced in the conduct complained of[,]"), *report and recommendation adopted*, 2011 WL 2491574 (S.D. Ohio June 22, 2011); *Manley v. Smith*, No. 1:11–cv–163, 2012 WL 967569, at *4 (W.D. Mich. Feb. 14, 2012) (recommending granting registered nurse's motion for summary judgment "whose only role involved the denial of an administrative grievance" even though "plaintiff contend[ed] that [the nurse] delayed [his] access to medical care when [she] denied the grievance"), *report and recommendation adopted*, 2012 WL 967099 (W.D. Mich. 21, 2012).

11

Based on the above, Bacon and Harbaugh cannot be liable for simply denying Caldwell's grievance regarding medical treatment. Further, Bacon's alleged violation of MDOC policy directives is not actionable because it does not rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (holding that a failure to follow policy directive does not rise to the level of a constitutional violation because policy directive did not create a protectible liberty interest). Section 1983 is intended to remedy violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580. Thus, any alleged violations of MDOC policy cannot be the subject of a 1983 claim.

As to Harbaugh, his failure to properly supervise Bacon fails to state a claim as well. Not only is there no constitutional violation on the part of Bacon, but "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (quotation marks omitted).

Overall, Caldwell's claims against Bacon and Harbaugh should be dismissed

with prejudice for failure to state a claim.

### 2. Exhaustion of Administrative Remedies

Alternatively, Bacon and Harbaugh argue that Caldwell's claims against them were not exhausted and, thus, not ripe for adjudication before the Court. Although it is not necessary to reach this argument in light of finding that Caldwell has failed to state a claim against them, the undersigned will consider it for the sake of completeness.

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion gives prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

In support of their argument, Bacon and Harbaugh attach Caldwell's "Step

13

III Grievance Report" showing the grievances he has filed and pursued through the entire grievance process from January 1, 2016 through October 6, 2022. (ECF No. 23-3). The grievance report reflects that Caldwell grieved his issue with the medical treatment described in his complaint in a grievance identified as WCC-1636. (ECF No. 23-3, PageID.132). This grievance was appealed through all available stages, thus presumably exhausting his administrative remedies as to Stokely-Hamden and Onyango, but not Bacon and Harbaugh. (*Id*., PageID.129-133).

Caldwell filed another grievance on June 4, 2022, complaining that Bacon denied his prior grievance (WCC-1636) without interviewing him, in violation of MDOC policy. (*Id*., PageID.124). This grievance, labeled WCC-1700, was rejected as duplicative of WCC-1636. (*Id*.). Caldwell appealed the rejection, contending that he was complaining of the separate issue of Bacon not properly investigating grievance WCC-1636, but the rejection was upheld at Steps II and III of the grievance process. (*Id*., PageID.121-123).

Generally, a grievance that is rejected for violating MDOC procedure is not sufficient to exhaust a prisoner's claims, even if appealed through Step III of the process. *Williams v. Jamsen*, No. 2:21-CV-11631, 2022 WL 18635641, at *5 (E.D. Mich. Dec. 21, 2022), *report and recommendation adopted,* No. 21-CV-11631, 2023 WL 1331332 (E.D. Mich. Jan. 31, 2023). But "the Court is not

14

required to blindly accept the state's application of the procedural rule[s]." *Reeves v. Salisbury*, No. 11-CV-11830, 2012 WL 3206399, at *5 (E.D. Mich. Jan. 30, 2012), *report and recommendation adopted in relevant part*, 2012 WL 3151594 (E.D. Mich. Aug. 2, 2012). Here, it appears that Caldwell attempted to grieve a separate issue about Bacon that also forms the basis of his claim against her in this case. Therefore, there is an issue of fact regarding whether his claim against Bacon was fully exhausted, making summary judgment inappropriate. However, as noted above, both defendants are entitled to dismissal for failure to state a claim. Thus, even though Caldwell's claim against Bacon may not be exhausted, it does not survive dismissal.

Unlike Bacon, Harbaugh is entitled to summary judgment for Caldwell's failure to exhaust administrative remedies. There is no exhausted grievance of record that names Harbaugh or complains of Harbaugh's role in the denial of Caldwell's grievances. Again, Harbaugh is also entitled to dismissal for failure to state a claim.

V. Conclusion

For the reasons stated above, it is RECOMMENDED that Stokely-Hamden and Onyango's motion to dismiss be GRANTED, (ECF No. 19); that Bacon and Harbaugh's motion to dismiss be GRANTED, (ECF No. 23); and that Bacon and Harbaugh's motion for summary judgment for failure to exhaust administrative

remedies, (ECF No. 23), be GRANTED as to Harbaugh and DENIED as to Bacon. If this recommendation is adopted, the case should be dismissed with prejudice as to all defendants.

| | |
|---|---|
| Dated: May 3, 2023<br>Detroit, Michigan | s/Kimberly G. Altman<br>KIMBERLY G. ALTMAN<br>United States Magistrate Judge |

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Isaac v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 3, 2023.

s/Carolyn M. Ciesla<br>
CAROLYN M. CIESLA<br>
Case Manager